GEORGE JENKINS ET AL *v.* ELIZABETH WEEKS ET AL.

**Attorney and Client—Arbitration and Award—Right of Counsel to Submit Cause For Adjudication.**

Although an attorney is not empowerd by his general authority, as such to bind his client in a submission of his cause to arbitration, yet if he does so under special authority or where in doing so his action is ratified and adopted by his clients, the award, if otherwise valid, may be enforced.

APPEAL FROM CALDWELL CIRCUIT COURT.

January 16, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

Although an attorney at law is not empowered by his general

authority as such to bind his client in a submission of his cause to arbitration, yet if he does so under special authority or as in this case his action in doing so is ratified and adopted by his employers, we perceive no sufficient reason why the award if otherwise valid may not be enforced.

It seems to us that if no submission to arbitration had been made, a court of equity might, appropriately have, on the facts disclosed, compelled Jenkins to account of the difference between the real value of the land and the inadequate price stipulated in the contract, at least to the extent of the price of that part of the land sold by him to Nichols. But whether upon the original pleadings and he evidence the court was authorized to adjudge a cancellation of the contract, or compensation in money to the plaintiffs, we do not doubt the power of the chancellor to accept and enforce the award of the arbitrators, as an equitable adjustment of the controversy when asked to do so by the plaintiffs, although they did not execute the agreement of submissison, and, although by the death of J. W. Weeks pending the litigation, his rights were cast on his infant children by descent who, by a revivor of the action, became plaintiffs in his stead.

Wherefore, the judgment is affirmed.

*Peepper*, for appellant.